IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLEETWOOD SERVICES, LLC, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-268 |
| | : | |
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. *doing business as* PAR FUNDING | : : : : | |

### MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                                          **October 23, 2019**

      Plaintiffs Fleetwood Services LLC, Robert Fleetwood, and Pamela Fleetwood filed a Complaint alleging they were the victims of a financial fraud perpetrated by Defendants Complete Business Solutions Group, Inc. and John and Jane Doe investors. Plaintiffs have moved to amend their Complaint. Among other changes, they would like to add class claims, request injunctive and declaratory relief, and include allegations related to a Bloomberg article. While the Court will grant leave to amend the Complaint, it will not allow the request for injunctive and declaratory relief. The Court finds amending the Complaint to seek injunctive and declaratory relief would be futile.

**BACKGROUND**

      Fleetwood Services is a golf course construction company owned by Robert and Pamela Fleetwood. Complete Business is a company that buys future receivables from small businesses.[1] In January 2017, Complete Business allegedly approached Fleetwood Services with a plan to consolidate Fleetwood Services' debt. Fleetwood Services agreed to this consolidation plan. To

---

[1] Future receivables are money a business expects to receive, typically money owed to a business by its customers.

implement the plan, the two companies signed an agreement in which Complete Business paid $370,000.00 for $547,600.00 of future receivables.

According to Fleetwood Services, this agreement was not a purchase of future receivables. Instead, Fleetwood Services alleges, the agreement was actually a loan designed to keep Fleetwood Services in never-ending debt. Plaintiffs allege Complete Business demanded daily payments unrelated to any future receivables. They also allege Complete Business charged usurious interest rates and unauthorized fees. When Fleetwood Services got behind on its payments, Complete Business allegedly called Mr. and Mrs. Fleetwood and threatened to take away their business and their personal assets if they did not pay. In July 2017, Fleetwood paid back the money it owed to Complete Business with a loan from another company.

On January 22, 2018, Fleetwood Services and Mr. and Mrs. Fleetwood filed a Complaint in this case. Complete Business moved to dismiss. Plaintiffs responded to the motion to dismiss by filing their First Amended Complaint. The First Amended Complaint included claims for violations of Texas usury laws, fraud, negligent misrepresentation, damages pursuant to a term in the contract, and violations of the Racketeer Influence and Corrupt Organizations Act (RICO). Complete Business then moved to dismiss the First Amended Complaint. On March 29, 2019, the Court dismissed the contract claim in the First Amended Complaint, but allowed the rest of the Complaint to go forward.

On July 19, 2019, Plaintiffs sought leave to file a Second Amended Complaint. The Second Amended Complaint included many of the same claims as the First Amended Complaint: violations of Texas usury law, fraud, and RICO. It also removed some of the claims in the First Amended Complaint; it removed the negligent misrepresentation claim and a claim relying on an inapplicable Texas law. The Second Amended Complaint added a new claim for attorneys' fees

and a new request for injunctive and declaratory relief. Finally, the Second Amended Complaint included additional allegations such as: facts tending to show the agreement the parties signed was unconscionable; facts tending to show the agreement the parties signed was a loan rather than a purchase agreement for future receivables; and class action allegations.[2] To demonstrate that Complete Business treated its agreements with businesses like loans instead of purchases of future receivables, Plaintiffs included allegations related to a Bloomberg article. This article focused on Complete Business's "mob-like intimidation tactics" when a business cannot pay. Pl.'s Mot. for Leave to File Second Am. Compl. (Pl.'s Mot.), Ex. A at ¶ 93. According to Plaintiffs, if the agreements were actually for future receivables as they purported to be, Complete Business would have contacted the business's customers rather than the business itself.

As explained in detail below, Complete Business opposes three of the changes in the Second Amended Complaint. It urges the Court to deny Plaintiffs leave to make those three changes. The Court will allow Plaintiffs to make two of these three changes, but the Court finds that the remaining change—the new request for injunctive and declaratory relief—is futile.

**DISCUSSION**

A court may grant leave to amend a pleading under Federal Rule of Civil Procedure 15(a)(2). This rule instructs a court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court can deny leave to amend, however, when the amendment would be futile. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018). An amendment is futile when it "could not withstand a renewed motion to dismiss." *Id.*

---

[2] While Plaintiffs had originally styled this case as a class action, they did not include any class action allegations in their First Amended Complaint.

(internal quotations omitted). A court may also strike allegations in a complaint when they are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

Complete Business argues two changes in the proposed Second Amended Complaint are futile: the new class action allegations and the new request for declaratory and injunctive relief. Complete Business also argues the allegations relying on the Bloomberg article (in paragraph 91-97 of the Second Amended Complaint) should be stricken under Rule 12(f) as "immaterial, impertinent, or scandalous." The Court will address each of these proposed changes in turn.

Plaintiffs' amendment adding class allegations is not futile. Complete Business makes two arguments to the contrary, but neither is persuasive. First, Complete Business argues Plaintiffs cannot represent the class because their claims are barred by Texas's voluntary payment rule.[3] Second, Complete Business argues the class allegations are futile because of the class action waiver in the parties' contract.

Complete Business's voluntary payment argument fails because the voluntary payment rule does not apply to the claims in this case. The voluntary payment rule is a defense to equitable claims for unjust enrichment. *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 768 (Tex. 2005). A defendant can assert this defense when the plaintiff voluntarily pays money "on a claim of right, with full knowledge of all the facts, in the absence of fraud, deception, duress, or compulsion." *Id.* Because the voluntary payment rule is an equitable defense, it does not apply to claims based on a statutory scheme. *Id.* at 776 n. 9. ("[T]he voluntary-payment rule would not apply to situations in which the Legislature or commonlaw has provided a right of recovery even though payment is voluntary."). In particular, this defense is not available when a plaintiff brings a claim under

---

[3] In its memorandum dated April 10, 2019, the Court found Texas law applies to the contract in this case.

Texas's usury laws. *Id.* at 770 (explaining that, since 1890, Texas courts have held the "usury statute prevented [the] voluntary-payment defense"). Because the claims in this case are under Texas's usury laws, the voluntary payment defense does not apply here.

Complete Business's argument that the class action waiver makes the class claims futile is unpersuasive because Plaintiffs plausibly allege the contract was unconscionable. Complete Business correctly points out Plaintiffs waived their right to bring a class action in the parties' contract. The contract says "the parties hereto waive any right to assert any claims against [an]other party as a representative or member in any class or representative action, except where such waiver is prohibited by law against public policy." Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl. (Def's Resp.), Ex. A at 5. Plaintiffs do not argue this language would allow them to bring a class action. Instead, they argue this waiver cannot be enforced because the contract is unconscionable.

Texas law "recognizes both substantive and procedural unconscionability." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 892 (Tex. 2010). Substantive unconscionability refers to the unconscionable terms in a contract, while procedural unconscionability refers to the unconscionable methods used to negotiate the contract. *Id.* The Texas Supreme Court has noted that determining whether a contract is unconscionable can "involve[] a highly fact-specific inquiry into the circumstances of the bargain, such as the commercial atmosphere in which the agreement was made, the alternatives available to the parties at the time and their ability to bargain, any illegality or public-policy concerns, and the agreement's oppressive or shocking nature." *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 228 (Tex. 2014). A contract is not unconscionable solely because it is a contract of adhesion. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 233 (Tex. 2008).

5

At this stage, Plaintiffs have alleged enough facts to be entitled to further discovery regarding whether the contract was unconscionable. They allege Complete Business fraudulently coerced them into signing an agreement with unfair and one-sided terms. Regarding procedural unconscionability, they allege Complete Business falsely represented the nature and purpose of the contract. Pl.'s Mot., Ex. A at ¶¶ 44-46. They also allege Complete Business took advantage of Fleetwood's "desperate financial condition." *Id.* at ¶ 44. Regarding substantive unconscionability, the contract's provisions included: a provision giving Complete Business the irrevocable right to withdraw money directly from Fleetwood's bank accounts; a provision giving Complete Business the power of attorney to act as if it were Fleetwood, including collecting checks and signing invoices in Fleetwood's name; a provision preventing Fleetwood from transferring, moving or selling the business or any assets without permission from Complete Business; and a one-sided attorneys' fees provision obligating Fleetwood to pay Complete Business's attorneys' fees if Complete Business won any litigation but not obligating Complete Business to pay Fleetwood's attorneys' fees if Fleetwood won. Def.'s Resp., Ex. A. at 3-4. Given the allegations of substantive and procedural unconscionability, the Court will not foreclose discovery on the unconscionability of the contract. If Plaintiffs move to certify a class, the Court will have an opportunity to address the contract's unconscionability with the benefit of discovery.[4]

Next, the Court addresses Plaintiffs' amendment requesting injunctive and declaratory relief and finds this amendment would be futile. A party seeking an injunction must prove "(1) it will suffer irreparable injury, (2) no remedy available at law could adequately remedy that injury,

---

[4] The Court notes, even if the contract is unconscionable, Plaintiffs still may not meet the requirements under Federal Rule of Civil Procedure 23 for class certification. If Plaintiffs file a motion for class certification, the Court will address the Rule 23 requirements when it rules on that motion.

(3) the balance of hardships tips in its favor, and (4) an injunction would not disserve the public interest." *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019). Declaratory relief can be appropriate "to settle actual controversies before they ripen into violations of a law or a breach of duty." *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 215 (3d Cir. 2008). Like injunctive relief, declaratory judgments are "by definition prospective in nature." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013). In other words, both injunctive and declaratory relief prevent future harm.

Plaintiffs will not suffer any future harm here. In their complaint, they conceded they have already paid Complete Business the money they owed under the contract. First Am. Compl. ¶ 46. Since they have already paid off the contract, there is no likelihood they will have to pay more in the future. At oral argument, they conceded they could not prove they would suffer any future irreparable harm. Instead, they argued they did not have to prove future irreparable harm because they are seeking an injunction under RICO.

The Third Circuit has not addressed injunctions for private plaintiffs under RICO. *See Ne. Women's Ctr., Inc. v. McMonagle*, 868 F.2d 1342, 1355 (3d Cir. 1989) (declining to address whether injunctive relief is available to private plaintiffs under RICO). Other courts are split on whether private plaintiffs in RICO actions can request equitable relief. *Compare Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1088 (9th Cir. 1986) (finding private plaintiffs are not entitled to equitable relief under RICO), *with Chevron Corp. v. Donziger*, 833 F.3d 74, 137 (2d Cir. 2016) (finding private plaintiffs are entitled to equitable relief under RICO). Even if injunctions are available for private plaintiffs in RICO actions, courts have found that private plaintiffs must still show future irreparable harm. *See, e.g.*, *Trane Co. v. O'Connor Sec.*, 718 F.2d 26, 29 (2d Cir. 1983) ("[T]o obtain a preliminary injunction under RICO there must be established a likelihood of

irreparable harm."); *see also Jackson v. Rohm & Haas Co.*, No. 05-4988, 2009 WL 948741, at *4 (E.D. Pa. Mar. 20, 2009), *aff'd*, 366 F. App'x 342 (3d Cir. 2010) (explaining that "[w]here a private plaintiff in a civil RICO action has been permitted to seek preliminary injunctive relief, the courts have consistently applied traditional preliminary injunction standards, including the requirement of irreparable harm in the absence of an injunction" and listing cases). Because Plaintiffs admit they cannot show any future harm, they would not be entitled to injunctive relief under RICO even if such relief were available for private plaintiffs.

Finally, the Court will deny Complete Business's request to strike the Second Amended Complaint's allegations about the Bloomberg article. Under Federal Rule of Civil Procedure 12(f) a court may strike an allegation that is "redundant, immaterial, impertinent, or scandalous." "Motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy." *Associated Builders & Contractors, E. Pa. Chapter, Inc. v. Cty. of Northampton*, 376 F. Supp. 3d 476, 522 (E.D. Pa. 2019) (internal quotations omitted). Courts should only grant a motion to strike when the allegations "are so unrelated to plaintiffs' claims as to be unworthy of any consideration." *Id.* (internal quotations omitted).

The Bloomberg allegations do not meet the high standard for a motion to strike. These allegations are related to the case because they tend to support the idea that Complete Business treated the contracts as loans rather than as contracts for future receivables. The allegations are also not "impertinent or scandalous" under Rule 12(f). They are based on a public report from a reputable news source. They are not unsupported allegations nor do they maliciously publicize previously private information. The Court will therefore allow Plaintiffs to include the Bloomberg allegations in their Second Amended Complaint.

In sum, the Court finds the amendment adding the class allegations is not futile, the amendment requesting injunctive and declaratory relief is futile, and the Bloomberg claims should not be stricken. The Court will therefore give Plaintiffs leave to file their Second Amended Complaint after they remove their request for injunctive and declaratory relief.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.